```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
ANTHONY STEVEN PAUL,                 :
                                     :
                Plaintiff,           :       REPORT & RECOMMENDATION
                                     :
        -against-                    :       13 Civ. 8824 (LTS)(MHD)
                                     :
P.O. YU, et al.,                     :
                                     :
                Defendants.          :
------------------------------------x
```

8/21/14

TO THE HONORABLE LAURA TAYLOR SWAIN,
UNITED STATES DISTRICT JUDGE:

On December 10, 2013, pro se plaintiff Anthony Steven Paul filed a complaint in this action. (Dkt. No. 2). On January 21, 2014, the District Court dismissed plaintiff's claims against the New York City Police Department sua sponte, and issued an Order of Service directing the Clerk of Court to issue a summons and directing plaintiff to serve the summons and complaint on the remaining defendants within 120 days. (Dkt. No. 5). The Order further noted that if service was not made within 120 days and plaintiff had not requested an extension of time to serve, the complaint may be dismissed for failure to prosecute. (Id. at 2). On January 23, 2014, the case was referred to us for general pretrial supervision. (Dkt. No. 6).

On May 15, 2014, having heard nothing from plaintiff and having received no indication that defendants had been served with process, we sent a letter to plaintiff advising him that we were extending his deadline to serve defendants to May 30, 2014. In that letter, we noted that if he should fail to comply with that deadline, the court was likely to dismiss his complaint. On May 16, 2014, our letter was returned to us as undeliverable. To date, plaintiff has not filed proof of service of the summons and complaint with the Clerk of Court, requested an extension for service, provided the court with an updated address where he can be contacted, or provided the court with good cause for his failure to do any of the above.

Under Rule 4(m), the Court may dismiss an action without prejudice where timely service is not made after notice to the plaintiff. Fed. R. Civ. P. 4(m). Further, a plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) for failure to prosecute. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); Brown v. New York Univ., 2013 WL 433539, at *1 (S.D.N.Y. Feb. 1, 2013). Rule 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply . . . with a court order . . . a defendant may move to dismiss the action or

any claim against it." Fed. R. Civ. P. 41(b). While the text of the Rule addresses only the case in which a defendant moves for dismissal of an action, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." La Sane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

Here, plaintiff was notified twice of his obligation to effectuate timely service, and twice cautioned that his failure to do so would result in dismissal of his claim. We note that the second notice sent to plaintiff -- via letter on May 15, 2014 -- was returned to us as undeliverable, and therefore plaintiff did not receive it. However, it is plaintiff's obligation to update the court as to his current address. See, e.g., Love v. Amerigroup Corp., 2010 WL 2695636, at *4 (E.D.N.Y. June 2, 2010) ("The court may deny relief to a pro se litigant who has failed to provide the court with notice of a change of address and missed an important deadline as a result of this failure"); Dong v. United States, 2004 WL 385117, at *2 (S.D.N.Y. Mar. 2, 2004) (dismissing a pro se litigant's claim because the litigant failed to inform the court of his current address, causing the court to lose contact with him); Handlin v. Garvey, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)

3

(duty to inform the court of current address is "an obligation that rests with all pro se plaintiffs"). We lacked any alternative means by which to contact plaintiff, and therefore sending any further notice to that address would have been pointless. See Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) ("as this Court has no current address for plaintiffs any attempt to further warn plaintiff of their responsibilities and the consequences of their continued failure to prosecute this action would be futile.").

Because plaintiff "has still not taken even the most basic steps necessary to pursue his case" nor "offered the Court any reason at all why service could not be accomplished within the time limits provided by Rule 4(m) and then extended sua sponte by the court", Zapata v. Isabella Geriatric Ctr., 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), we determine that he is not diligently pursuing his claim. See, e.g., Dong, 2004 WL 977683, at *2 ("Indeed, the very fact that Dong has been inaccessible for the last two months -- without notifying the Court . . . or the Pro Se Office of a change of address -- strongly suggests that he is not diligently pursuing this claim."). Therefore, we recommend that the complaint be dismissed without prejudice for failure to prosecute.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Laura T. Swain, Room 1320, 500 Pearl Street, New York, New York 10007-1312, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 470 U.S. 140, 150 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**Dated: New York, New York**
**August 21, 2014**

SO ORDERED.

_____
**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Order have been sent today by mail to:

Mr. Anthony Steven Paul
20 Catherine Slip
New York, NY 10038